# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES MICHAEL LANIGAN, KRISTINE ZABINSKI, and JOHN LANIGAN III,<br><br>    Plaintiffs,<br><br>v.<br><br>MIDNIGHT GAMING CORPORATION and KINNEY L. MCGRAW,<br><br>    Defendants. | Case No. 1:24cv08465<br><br>Hon. Manish S. Shah |

## ORDER OF DEFAULT JUDGMENT

This action was commenced by Plaintiffs James Michael Lanigan ("Jim Lanigan"), Kristine Zabinski ("Ms. Zabinski"), John Lanigan III ("John Lanigan") (collectively, "Plaintiffs" or the "Lanigan Family") against Defendants Midnight Gaming Corporation ("Midnight Gaming" or "Company") and Kinney L. McGraw ("McGraw") (collectively, "Defendants") on September 16, 2024.

Plaintiffs now move for entry of Default Judgment against Defendants. Plaintiffs properly completed service of process on Defendants Midnight Gaming and Kinney McGraw on October 4 and October 10, 2024, respectively, and afforded them the opportunity to answer and present their objections. This Court entered a Default against Defendants on November 6, 2024. Neither Defendant has answered or appeared in any way, and the time for answering has expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted.

Accordingly, this Court orders that Plaintiffs' Motion for Default Judgment is **GRANTED** as follows and

**DEFAULT JUDGMENT IS HEREBY ENTERED** against Defendants Midnight Gaming and McGraw. It is further:

**ORDERED, DECREED, AND ADJUDGED** that:

1. Plaintiffs are awarded compensatory damages from each of the Defaulting Defendants in the amount of $1,050,000 for fraud in the sale of a security pursuant to 15 U.S.C. § 78j(b), 17 CFR § 240.10b-5, and 15 ILCS 5/12. This award shall apply to each Defendant joint and severally and only once, even if they are listed under multiple counts in the Complaint.

2. Until Plaintiffs have recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiffs shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

3. The Warrant Purchase Agreements entered into between Plaintiffs and Defendant Midnight Gaming Corporation are without legal effect and the sale purported therein are void as made in violation of 815 ILCS 5/13(A).

4. Plaintiffs are awarded attorney fees and costs from each Defendant in the amount of $19,070.00 pursuant to 815 ILCS § 5/13. The Court has assessed the evidence on the record regarding such fees and costs and found that Plaintiffs have established that the submitted sums are reasonable.

5. Plaintiffs are entitled to prejudgment interest at a rate of 10% on each Warrant Purchase Agreement at issue pursuant to 815 ILCS § 5/13(A)(1), accounting for Plaintiffs' investment sums and those agreements' dates of execution. On this day, of January 16, 2025, the sum of prejudgment interest equals $251,584.61.

**IT IS SO ORDERED**.

Dated: January 16, 2025

                                                                   Hon. Manish S. Shah
                                                                   United States District Judge